IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

J. FELIX FERNANDO CORONA-CERVANTES            PLAINTIFF

v.           Civil No. 5:16-cv-05235

DR. ROBERT KARAS; SAM CAUDLE; DENTIST TRUANG LE; and DEPUTY HAMMONDS            DEFENDANTS

**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Currently before the Court is the motion to dismiss (Doc. 9) for failure to state a claim filed by Separate Defendant Deputy Hammonds pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion to dismiss.

**I. BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Washington County Detention Center. Plaintiff alleges his constitutional rights were violated when he was denied adequate medical and dental care, subjected to constant heat due to the lack of a working air-conditioning system, and denied his breakfast. With respect to the latter claim, Plaintiff maintains Deputy Hammonds denied him breakfast on August 29, 2016, "because [Deputy Hammonds] was trying to run through his duties and he refuses to listen to anybody."

Plaintiff proceeds against Deputy Hammonds in his individual capacity only. Plaintiff seeks to recover compensatory and punitive damages.

**II. LEGAL STANDARD**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Deputy Hammonds contends the complaint fails to state facts showing that Plaintiff suffered a constitutional injury. At most, Deputy Hammonds argues the facts alleged suggest negligence on his part.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The

Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Here, Plaintiff was a pre-trial detainee at the time of the alleged incident; however, the Eighth Circuit applies the same deliberate indifference standard to pretrial detainees as applied to convicted inmates. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions involving "wanton and unnecessary infliction of pain," or that are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated if an inmate is not provided with meals adequate to maintain his health. *See e.g., Keenan v. Hall*, 83 F.3d

3

1083, 1091 (9th Cir. 1996); *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir. 1980)(prisoners are guaranteed a reasonably adequate diet).  "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)(expressing doubt that Talib who missed about fifty meals in five months and lost fifteen pounds met this threshold)(*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986).  One missed meal is clearly insufficient to state a claim of constitutional dimension. *See e.g., Jaros v. Illinois Dept. of Correction*, 684 F.3d 667 (7th Cir. 2012)(occasional missed meal that did not endanger the inmate did not state a claim); *Palmer v. Johnson*, 193 F.3d 346, 352(5th Cir. 1999)("That [the inmate] may have missed one meal . . . does not rise to the level of a cognizable injury").

**IV.    CONCLUSION**

For these reasons, Separate Defendant Deputy Hammond's motion to dismiss (Doc. 9) is GRANTED, and all claims against him are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 3rd day of May, 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE